IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE BURNS & RUSSELL COMPANY<br>OF BALTIMORE CITY, et al. | : | |
| | : | |
| v. | : | Civil Action WMN-01-304 |
| | : | |
| REICHHOLD CHEMICALS, INC. | : | |

**MEMORANDUM**

Before the Court is Plaintiffs' Motion to Remand (Paper No. 11). The motion has been fully briefed and is ripe for decision. Upon a review of the motion and the applicable case law, the Court determines that Plaintiffs' motion will be granted in part and denied in part, in that the action will be remanded to the Circuit Court for Baltimore City but there will be no award of costs and attorney's fees.

This action was originally filed in the Circuit Court for Baltimore City on June 9, 2000. On January 2, 2001, suit papers were served on Defendant's resident agent, The Corporation Trust Incorporated ("CT Inc."). On February 2, 2001, Defendant filed its Notice of Removal. In its motion to remand, Plaintiff contends that Defendant's Notice of Removal was untimely filed because the thirty days in which Defendant could properly remove this case expired on February 1, 2001. Defendant refutes this contention on the basis that the thirty day period did not begin to run until it received the complaint from its resident agent on January 4, 2001.

1



Pursuant to 28 U.S.C. § 1446(b), a notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." The time limits of section 1446(b) "are mandatory and are to be strictly construed when asserted by a party." Percell's Inc. v. Central Telephone Co., 493 F.Supp. 156 (D. Minn. 1980) (citations omitted). There is no dispute that, if the notice was untimely, this court must remand the case to the Circuit Court of Baltimore City. The issue, then, is whether service to a private resident agent constitutes "receipt by the defendant."

This issue has not been specifically addressed by either the Fourth Circuit or the Maryland District Court. The consensus in other jurisdictions, however, is that "a corporation is considered to be in receipt of a complaint when the complaint has been received 'by an agent authorized to accept service of process.'" Taphouse v. Home Ins. Co., Inc., 885 F.Supp 158, 159 (E.D. Mich. 1995) (quoting Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co., 5 F.3d 963, 968 (6th Cir. 1993)). See also Percell's Inc., 493 F.Supp. at 157 (stating that designated agent is essentially an employee of defendant and, therefore, service on agent is service on defendant); Colello v. Baker Material

2

Handling Corp., 849 F.Supp. 3, 5 (D. Me. 1994) (finding that time under removal statute begins to run when "agent in fact"[1] is served). This is because, "[w]here a foreign corporation privately appoints an agent to accept service, the agent acts for the corporation and, under general agency law, the corporation can be held accountable for that agent's actions and knowldge as if they were its own." Taphouse, 885 F.Supp. at 160.

There is no dispute that when CT Inc. was served it was Defendant's privately appointed agent. It is also uncontested that CT Inc. was served on January 2, 2001. Based on these facts, pursuant to section 1446(b), Defendant had until February 1, 2001, to file its notice of removal. As the notice was not filed until February 2, 2001, it is untimely. Therefore, this action was improperly removed to this court and must be remanded to the Circuit Court for Baltimore City.

Plaintiffs also contend that they are entitled to costs and attorney's fees because this action was improperly removed. Such an award, however, is appropriate only when nonremovability of an action is obvious. See Benton v. Washington Radiology Assocs.,

---

[1] An "agent in fact" is a privately appointed agent and is distinguished from a "statutory agent," i.e., a government agent authorized by a state's long-arm statute to receive service of process, in that service of process on a statutory agent does not start the time running under the removal statute. See Colello, 849 F.Supp. at 4-5.

P.C., 963 F.Supp. 500, 505 (D. Md. 1997). As this is not such an action, Plaintiffs' request will be denied.

A separate order will issue.

_____
William M. Nickerson
United States District Judge

Dated: April 4, 2001